FILED

2005 SEP 26 P 1: 29

U.S. DISTRICT COURT
EASTERN DIST. TENN.

_____ DEP. CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

DEBRA BROWN; JEROME BELL; CHARLES )
BROOKS; MICHAEL MCGUINN; AND )
JASON SWEARINGTON, )
 )
    Plaintiffs, )
 )
v. ) Case No: 4:05-cv-67
 ) Civil Action
COFFEE COUNTY, TENNESSEE; )
STEVE GRAVES, individually and in his official )
capacity; PAMELA FREEMAN, individually; )
OFFICER TREY, individually; BRITNEY HODGES, ) JURY DEMAND
individually; TERESA HULAN, individually; )
SGT. GENTRY individually; KEITH SHELLER, )
individually; LT. CHARLES BEATTY, individually; )
KAREN BOWEN, individually; )
JONATHON YOTT individually; )
WAYNE FERRELL, individually; AND )
JOHN DOE 1-5 )
 )
    Defendants. )

## COMPLAINT

Comes now the Plaintiffs, Debra Brown, Jerome Bell, Charles T. Brooks, Michael McGuinn, and Jason Swearington, by and through counsel, and for causes of action against the Defendants, would show unto the Court as follows:

### INTRODUCTION

1. Defendant Coffee County, Tennessee is a political subdivision of the State of Tennessee, who, acting under color of state law, operates the Coffee County Jail and is

1

responsible for the hiring, training, supervision, and discipline of employees at the Coffee County Jail.

2. At all times pertinent hereto, the Coffee County Jail failed to meet minimum standards established by the State of Tennessee and under Federal standards.

3. Defendant Steve Graves is the Sheriff of Coffee County, Tennessee and final decision-maker on policies in effect at the Coffee County Jail.

4. Defendant Pamela Freeman, Officer Trey, Brittany Hodges, Teresa Hulan, Sgt. Gentry, Keith Sheller, Lt. Charles Beatty, and John Doe 1-5 are employees of Coffee County, Tennessee, who act under color of state law in their capacity as corrections officers at the Coffee County Jail.

5. Defendants Jonathon Yott, Karen Bowen, and Wayne Ferrell are or were employees and/or agent of Defendant Coffee County, Tennessee, who, acting under color of state law, were to provide nursing care to inmates and are referred to herein as "nursing staff".

6. At all times pertinent hereto, Plaintiffs were inmates at the Coffee County Jail.

## JURISDICTIONAL ALLEGATION

7. Jurisdiction in this case is based on the existence of a federal question under 28 U.S.C. §1331 and §1343. This action arises under the Constitution of the United States, Amendment Eight, and Fourteen, and the Civil Rights Act of 1871, 42 U.S.C. § 1983.

## PROPER VENUE

8. Venue is proper in the Eastern District Court of Tennessee, Winchester Division, as all events averred to in this complaint occurred in Manchester, Coffee County, Tennessee.

Also, all defendants to this lawsuit either work or worked, or operate facilities in Manchester, Coffee County, Tennessee.

## FACTUAL BASIS FOR THE LAWSUIT

9. Plaintiffs hereby incorporate by reference each and every allegation contained in Paragraphs 1 through 8 of this Complaint as if fully rewritten herein.

10. On October 21, 2004, Plaintiff Debra Brown was injured at the Coffee County Jail when she was attacked without provocation by a mentally ill inmate.

11. Although the mentally ill inmate that attacked Plaintiff Debra Brown had a history of threatening other inmates and a history of fighting with other inmates, this inmate was allowed to circulate freely among other inmates even after she had been refused her medications.

12. After the mentally ill inmate twice lifted Plaintiff Debra Brown into the air and slammed her to the concrete floor, Plaintiff Debra Brown was unable to move and laid in pain on the concrete floor for approximately 4 hours.

13. During the approximate 4 hours that Plaintiff Debra Brown laid on the concrete floor, unable to move, correctional officers Trey and Sgt. Gentry refused her requests that they call an ambulance and told Plaintiff to get up and go to the nursing area.

14. Following a shift change, an ambulance was called and the EMTs removed Plaintiff Debra Brown from the floor by stretcher and transported her to Manchester Medical Center where it was discovered that she had a severe compression fracture of the L-1 vertebrae with splaying of bone into the spinal canal.

15. Plaintiff Debra Brown was then hospitalized.

3

16. On or about October 25, 2004, Coffee County, Tennessee placed Plaintiff Debra Brown on medical furlough in an attempt to avoid paying for her medical bills.

17. Plaintiff Debra Brown continues to experience pain as a direct and proximate result of the October 21, 2004 attack.

18. At all times pertinent hereto, the Coffee County Jail did not have a grievance procedure that they followed and/or did not have a grievance procedure that met the minimum standards of the Civil Rights of Institutionalized Persons Act and/or applicable rules.

19. Although Plaintiff Debra Brown attempted to file a grievance on this matter, she received no response.

20. Plaintiff Debra Brown, through counsel, also sought to obtain a copy of the Coffee County Jail grievance procedures, the Coffee County Jail policy on separation of mentally ill inmates, the Coffee County Jail policy on emergency medical care, incident statements or witness statements, and her medical records through a Freedom of Information request pursuant to T.C.A. §10-7-503-512. Defendant Steve Graves chose to ignore the applicable statute and provided nothing.

21. On or about October 1, 2004, Plaintiff Jerome Bell cut the middle finger of his left hand on a showerhead in the Coffee County Jail, leading to an infection.

22. Although Plaintiff Jerome Bell requested immediate medical treatment from Defendant Teresa Hulan and the nursing staff at the Coffee County Jail, he did not receive medical treatment until he was treated at the emergency room of United Regional Medical Center on or about October 8, 2004.

23. Plaintiff Jerome Bell was then returned to the Coffee County Jail.

4

24. Plaintiff Jerome Bell continued to request medical treatment from correctional officer Teresa Hulan and the Coffee County Jail nursing staff, which was denied.

25. On or about October 11, 2004, Plaintiff Jerome Bell's Mother visited and observed that his left middle finger was infected and had swollen to 3-4 times it normal size. Jerome Bell's Mother contacted Captain Pamela Freeman, who contacted Sheriff Steve Graves who finally agreed to send Jerome Bell to the emergency room.

26. Plaintiff Jerome Bell was hospitalized at United Regional Medical Center for approximately 4 days when his finger turned black and then he was transferred to Vanderbilt Medical Center.

27. Subsequently, the majority of Plaintiff Jerome Bell's middle left finger was amputated leaving a short disfigured stump.

28. Although Plaintiff Jerome Bell filed a grievance concerning the lack of medical care at the Coffee County Jail, he received no response to his grievance.

29. On or about May 15, 2005, Plaintiff Charles T. Brooks fell in the shower at the Coffee County Jail, striking his elbow and knee on the concrete floor.

30. Plaintiff Charles T. Brooks was taken to United Regional Medical Center where x-rays revealed calcification in the menisci suggesting chondrocalcinosis, swelling in the elbow, calcification in the elbow joint, and possible synovial osteochondrematosis.

31. Upon his return to the Coffee County Jail, Plaintiff Charles T. Brooks continued to experience pain and swelling in the elbow as well as the inability to fully extend the elbow.

32. Despite numerous requests for medical treatment to Lt. Charles Beatty and the Coffee County Jail nursing staff, Plaintiff Charles T. Brooks was not taken to see Dr. Florence, the jail doctor, until July 1, 2005.

33. When Plaintiff Charles T. Brooks requested a CT scan of his elbow and the medications prescribed by the emergency room doctor, Dr. Florence advised Plaintiff that the Coffee County policy was that he would have to pay for the CT scan and medications if he wanted to receive them.

34. Although Plaintiff Charles T. Brooks filed a grievance concerning the lack of medical care at the Coffee County Jail, he received no response to his grievance.

35. On or about August 31, 2004, Plaintiff Jason Swearington sustained a ¼"deep, 1 long cut on his leg while working through a program established by the Coffee County Jail.

36. Upon being taken back to the Coffee County Jail, Plaintiff Jason Swearington was given Neosporin and a Band-Aid.

37. Subsequently, Plaintiff Jason Swearington developed an infection in the cut.

38. Although Plaintiff Jason Swearington requested immediate medical treatment from Teresa Hulan, Keith Sheller, and the Coffee County Jail nursing staff, he was not taken to see the nurse until 2-3 days later.

39. Thereafter, Plaintiff Jason Swearington continued to request medical treatment from Teresa Hulan, Keith Sheller, and the nursing staff at the Coffee County Jail, but received no treatment for his infection until his Mother was allowed to take him to the hospital in October of 2004.

40. At the hospital, Plaintiff Jason Swearington was running a temperature of 104 and his leg was red and swollen.

41. Plaintiff Jason Swearington was admitted to the hospital and stayed 6 days before returning to the Coffee County Jail.

6

42. Although Plaintiff Jason Swearington filed a grievance concerning his lack of medical treatment at the Coffee County Jail, he received no response.

43. On or about October 31, 2004, Plaintiff Jason Swearington was released on medical furlough from the Coffee County jail.

44. Plaintiff Jason Swearington continues to experience pain and swelling in his leg.

45. On or about July 20, 2004, Plaintiff Michael McGuinn was incarcerated at the Coffee County Jail.

46. Although Plaintiff Michael McGuinn had a leg amputated, hip replacements, and a crushed vertebrae as a result of a motor vehicle accident and had recently been fitted with a prosthetic, no accommodations were made to accommodate Plaintiff's disabilities.

47. As a result, Plaintiff Michael McGuirn slept on the concrete floor until he could obtain a lower bunk.

48. Since being fitted with his prosthetic, Plaintiff Michael McGuinn's stump had decreased swelling that necessitated refitting and adjustments to his prosthetic.

49. Despite numerous requests to Defendants Teresa Hulan, Britney Hodges, Pamela Freeman, and the nursing staff at the Coffee County Jail, Plaintiff Michael McGuinn has not received any treatment to refit or adjust his prosthetic.

50. After several months in the Coffee County Jail, Plaintiff Michael McGuinn developed an infection at his stump with his leg turning red, skin peeling, and an accompanying fever.

51. Despite numerous requests for medical treatment to Defendants Pamela Freeman, Britney Hodges, Teresa Hulan, and the nursing staff at the Coffee County Jail, Plaintiff Michael

7

McGuinn did not receive medical treatment, other than over-the-counter Tylenol for which he was charge $2.00 a pill, for approximately 5 weeks.

52. When Plaintiff Michael McGuinn finally was able to see the jail doctor, Dr. Florence, he was advised that Coffee County was refusing to pay for a specialist.

53. Plaintiff Michael McGuinn continues to suffer pain and inability to properly walk due to a lack of adjustment to his prosthetic.

## COUNT I- 8th AMENDMENT- DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

54. Plaintiffs hereby incorporate by reference each and every allegation contained in Paragraphs 1 through 53 as if fully rewritten here.

55. Plaintiffs Debra Brown, Jerome Bell, Charles T. Brooks, Michael McGuinn and Jason Swearington state that Defendants Jonathon Yott, Wayne Ferrell, and Karen Bowen, acting under color of state law, intentionally deprived them of Constitutionally guaranteed rights under the Eighth Amendment to the United States Constitution through their deliberate indifference of serious medical conditions by ignoring requests for medical treatment; by charging Plaintiffs for medical care; by refusing medical care to Plaintiffs when Plaintiffs did not have money to pay for the care; by delaying medical care to Plaintiffs who did not have money to pay for the care; and, by failing to provide medical care under emergency conditions.

56. Plaintiffs Debra Brown, Jerome Bell, Charles T. Brooks, Michael McGuinn, and Jason Swearington state that Defendants Pamela Freeman, Officer Trey, Brittany Hodges, Teresa Hulan, Sgt. Gentry, Keith Sheller, Lt. Charles Beatty, and John Doe 1-5, acting under color of state law, intentionally deprived Plaintiffs of rights guaranteed under the Eighth Amendment to

8

the United States Constitution through deliberate indifference to serious medical conditions by ignoring requests for medical treatment and failing to provide emergency medical care.

57. Defendants subjected Plaintiffs to such deprivations by either malice or a reckless disregard of Plaintiffs' rights.

58. None of the Defendants in this action are entitled to immunity or qualified immunity, nor were their acts privileged.

59. As a direct and proximate result of Defendants' violations of the Eighth Amendment to the United States Constitution, Plaintiffs Debra Brown, Jerome Bell, Charles T. Brooks, Michael McGuinn, and Jason Swearington have incurred pain and suffering, and in some cases disfigurement, loss of earning capacity and other damages.

## COUNT II- 8TH AMENDMENT-COUNTY AND SUPERVISIOR LIABILITY

60. Plaintiffs hereby incorporate by reference each and every allegation contained in Paragraphs 1 through 59 as if fully rewritten here.

61. Coffee County, Tennessee and Sheriff Steve Graves, are in charge of the hiring, supervision, training and disciplining of officers within their control, such as the Defendants herein and establishing policies for the operation of the Coffee County Jail.

62. Plaintiffs state that Defendants Coffee County, Tennessee and Sheriff Steve Graves, acting under color of state law, intentionally violated Plaintiffs' Constitutionally guaranteed rights by maintaining an inadequate policy, pattern and practice and/or custom that established a deliberate indifference to the serious medical needs of Plaintiffs herein as follows:

*Failing to establish or follow an emergency medical policy

9

*Failing to establish or follow a policy of providing adequate medical treatment to seriously injured inmates

*Requiring inmates to pay for or forego necessary medical treatment.

*Failing to train correctional officers to recognize serious medical conditions.

*Failing to provide adequate funding for necessary medical treatment of inmates.

63. Defendant Coffee County, Tennessee's and Defendant Sheriff Steve Graves' failure to establish or follow emergency medical policy; failure to establish a policy of providing adequate medical treatment to seriously injured inmates; failure to train employees; and, failure to provide adequate funding for medical treatment for inmates was a moving force linking these Defendants actions to the intentional deprivation of constitutionally guaranteed rights by the other Defendants herein.

64. At all times pertinent hereto, Defendant Coffee County, Tennessee and Defendant Steve Graves were aware that the policies, pattern and practice, or customs at the Coffee County Jail were depriving seriously injured inmates of necessary medical treatment.

65. As a direct and proximate result of Defendants' deliberate indifference to serious medical conditions and the injuries arising therefrom, Plaintiffs injury to their persons, causing physical pain, mental distress, anxiety, physical impairment, loss of enjoyment of life, and inability to perform everyday activities.

66. As a direct and proximate result of Defendants' deliberate indifference to serious medical conditions, Plaintiffs have incurred and/or will incur expenses for medical treatment into the indefinite future and have lost earning capacity

## COUNT III.- 8TH AMENDMENT FAILURE TO PROTECT

67. Plaintiff Debra Brown hereby incorporates by reference each and every allegation contained in paragraphs 1 through 66 as if fully rewritten here.

68. At all times pertinent hereto, Defendants Coffee County, Tennessee, Officer Trey, and Sgt. Gentry had a duty to protect Plaintiff Debra Brown from unreasonable and/or substantial risks of serious harm while she was incarcerated at the Coffee County Jail.

69. At all times pertinent hereto, Defendants Coffee County, Tennessee, Officer Trey, and Sgt. Gentry were aware that inmate Virginia Grimes had a mental condition requiring medication and that in the absence of medication inmate Virginia Grimes was likely to be violent.

70. Despite this knowledge and the knowledge that inmate Virginia Grimes was not receiving her medication and had been involved in several fights, Defendants Coffee County, Tennessee, Officer Trey, and Sgt. Gentry allowed inmate Virginia Grimes to freely circulate among other inmates, including Plaintiff Debra Brown.

71. On October 21, 2004, Plaintiff Debra Brown was attacked by inmate Virginia Grimes as described in paragraph 13 of this Complaint.

72. Plaintiff Debra Brown states that Defendants Coffee County, Tennessee, Officer Trey, and Sgt. Gentry, acting under color of state law, intentionally deprived Plaintiff Debra Brown of rights guaranteed by the Eighth Amendment to the United States Constitution by deliberate indifference to a substantial risk of serious harm to Plaintiff Debra Brown; by a deliberate indifference to a serious medical need of Virginia Grimes that posed an unreasonable and/or substantial risk of serious injury to Plaintiff Debra Brown; and, by failing to establish a policy of providing necessary medications to mentally ill inmates with a propensity for violence and/or failing to separate violent inmates from the general population.

73. Defendants Officer Trey and Sgt. Gentry subjected Plaintiff Debra Brown to such intentional deprivation of her constitutional rights with either malice or reckless disregard to her rights.

74. As a direct and proximate result of these Defendants intentional deprivation of Plaintiff Debra Brown's constitutional rights, Plaintiff Debra Brown has sustained a permanent injury causing pain and suffering, loss of earning capacity, and other damages.

## COUNT IV-AMERICANS WITH DISABILITY ACT

75. Plaintiffs incorporate by reference and make a part hereof paragraph 1 through 74 as if fully rewritten herein.

76. At all times pertinent hereto, Plaintiff Michael McGuinn qualified as an individual with a disability under the Americans with Disabilities Act, 42 U.S.C §12131 *et. seq.* and the Rehabilitation Act of 1973, 29 U.S.C. §794 *et. seq.*

77. Defendant Coffee County, Tennessee has denied Plaintiff Michael McGuinn the benefits and right to participate in programs and activities by denying access by the disabled to such programs and activities and by failing to make reasonable accommodations to allow Plaintiff Michael McGuinn to participate.

78. At all times pertinent hereto, Defendant Coffee County, Tennessee has received federal funding either directly or indirectly.

79. As a direct ad proximate result of Defendant Coffee County, Tennessee's exclusion of Plaintiff Michael McGuinn from programs and activities available to others, Plaintiff Michael McGuinn has sustained damages and is entitled to injunctive relief.

## DEMAND FOR RELIEF

**WHEREFORE**, under Count I, Plaintiffs demand judgment against Defendants Jonathon Yotts, Wayne Ferrell, Karen Bowen, Pamela Freeman, Officer Trey, Britney Hodges, Teresa Hulan, Lt. Charles Beatty, and Keith Sheller, jointly and severally, in the amount of One Hundred Thousand Dollars ($100,000.00) per each Plaintiff, plus costs, interest, reasonable attorney fees and punitive damages;

Under Count II, Plaintiffs demand judgment, jointly and severally, against Defendants Coffee County, Tennessee and Steve Graves in the amount of One Hundred Thousand Dollars ($100,000.00) per each Plaintiff, plus costs, interest and reasonable attorney fees and punitive damages against Defendant Steve Graves;

Under Counts III, Plaintiff Debra Brown demands judgment against Defendants Coffee County, Tennessee, Officer Trey, and Sgt. Gentry, jointly and severally, in the amount of One Hundred Thousand Dollars ($100,000.00) plus costs, interest, reasonable attorney fees and punitive damages against the individual Defendants.

Under Count IV, Plaintiff Michael McGuinn demands judgment against Defendant Coffee County, Tennessee in the amount of One Hundred Thousand Dollars ($100,000.00) plus costs, interest, reasonable attorney fees and injunctive relief.

Plaintiff further demands any relief, in law or equity, that this Court deems just.

## JURY DEMAND

Plaintiffs demand a jury trial on all claims on which they have a right to a jury trial.

Respectfully Submitted,

Law Office of James Baum

_/S/ James L. Baum_
James L. Baun (021818)
P.O. Box 338
Burns, TN 37029
(615) 740-6899
Attorney for Plaintiffs

14