IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| DEBRA BROWN; JEROME BELL; CHARLES BROOKS; MICHAEL McGUINN; JASON SWEARINGTON, and NICOLE GULLETT, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| COFFEE COUNTY, TENNESSEE; STEVE GRAVES, individually and in his official capacity; PAMELA FREEMAN, individually; OFFICER TREY, individually; BRITNEY HODGES, individually; TERESA HULAN, individually; SGT. RICK GENTRY individually; KEITH SHELLER, individually; LT. CHARLES BEATTY, individually; OFFICER HOBBS, individually; KAYRON BOWEN, individually; JONATHAN YOTT individually; WADE FERRELL, individually and JOHN DOE 1-5, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 4:05-CV-67 MATTICE/CARTER  JURY DEMAND |
| Defendants. | ) ) | |
| and | ) ) | |
| GREGORY J. MORGAN, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| COFFEE COUNTY, TENNESSEE; STEVE GRAVES, individually and in his official capacity; PAUL BLACKWELL, individually and in his official capacity; and JONATHAN YOTT, individually and in his official capacity, | ) ) ) ) ) ) ) | No. 4:06-cv-15 JURY DEMAND |
| Defendants. | ) | |

308474

**ANSWER OF DEFENDANTS COFFEE COUNTY, TENNESSEE,
STEVE GRAVES, PAMELA FREEMAN, BRITTANY HODGE, TERESA HULAN, RICK
GENTRY, KENNETH SCHELLER, LT. CHARLES BEATTY, KAYRON BOWEN,
JONATHAN YOTT AND WADE FERRELL TO FIRST AMENDEND COMPLAINT OF
PLAINTIFFS DEBRA BROWN, JEROME BELL, CHARLES BROOKS, MICHAEL
MCGUINN, JASON SWEARINGTON, AND NICOLE GULLETT**

Come Defendants Coffee County, Tennessee, Steve Graves, Pamela Freeman, Teresa Hulan, Rick Gentry (identified in the First Amended Complaint as "Sgt. Gentry"), Kenneth Scheller (incorrectly identified in the Amended Complaint as "Keith Sheller"), Lt. Charles Beatty, Kayron Bowen (incorrectly identified in the First Amended Complaint as "Karen" Bowen), Jonathan Yott, and Wade Ferrell (incorrectly identified in the First Amended Complaint as "Wayne Ferrell"), and for their Answer to the Plaintiffs' First Amended Complaint, would show the Court as follows:

1. These Defendants admit that Coffee County, Tennessee is a political subdivision of the State of Tennessee. These Defendants admit that Coffee County, Tennessee operates the Coffee County Jail. These Defendants deny the remaining allegations contained in paragraph 1 of the Plaintiffs' First Amended Complaint.

2. These Defendants are without information sufficient to form a belief as to the time period referred to by the Plaintiffs as "at all times pertinent hereto" and demand strict proof of this allegation. These Defendants deny the remaining allegations contained in paragraph 2 of the Plaintiffs' First Amended Complaint.

3. These Defendants admit that Steve Graves is the Sheriff of Coffee County, Tennessee. These Defendants deny the remaining allegations contained in paragraph 3 of the Plaintiffs' First Amended Complaint.

308474

2

4. These Defendants admit that Pamela Freeman, Teresa Hulan, Rick Gentry, Kenneth Scheller, and Lt. Charles Beatty are employees of Coffee County, Tennessee. These Defendants admit that Brittany Hodge is a former employee of Coffee County, Tennessee. These Defendants deny that an "Officer Trey" or "Officer Hobbs" is a current or former employee of Coffee County, Tennessee. These Defendants deny the remaining allegations contained in paragraph 4 of the Plaintiffs' First Amended Complaint.

5. These Defendants admit that Kayron Bowen is employed as a nurse by Coffee County, Tennessee and that she provides nursing care to inmates. These Defendants admit that Jonathan Yott and Wade Ferrell were formerly employed as nurses by the Coffee County Jail and that they provided nursing care to inmates. These Defendants deny the remaining allegations contained in paragraph 5 of the Plaintiffs' First Amended Complaint.

6. These Defendants are without information sufficient to form a belief as to the time period referred to by the Plaintiffs as "at all times pertinent hereto" and demand strict proof of this allegation. These Defendants admit that the Plaintiffs are all former inmates or pre-trial detainees at the Coffee County Jail.

7. These Defendants admit that this Court has jurisdiction to hear the Plaintiffs' federal claims. These Defendants deny that the Plaintiffs are entitled to any of the relief sought in their First Amended Complaint.

8. These Defendants admit that venue is proper in this Court.

9. These Defendants incorporate by reference their responses to paragraphs 1-8 of the First Amended Complaint.

308474

3

10. These Defendants admit that on October 21, 2004, Plaintiff Debra Brown was injured in an altercation with another inmate, Virginia Grimes, at the Coffee County Jail. These Defendants deny that Plaintiff Debra Brown was attacked without provocation. These Defendants admit that Plaintiff Debra Brown was involved in an altercation over contraband cigarettes. These Defendants deny that Ms. Grimes was "mentally ill."

11. These Defendants deny that Virginia Grimes was mentally ill or that she had a history of threatening and fighting with other inmates. These Defendants are without information that Ms. Grimes had been refused any of her prescribed medications and demand strict proof of this allegation. These Defendants admit that Ms. Grimes was kept in a cell with other inmates. These Defendants deny the allegations contained in paragraph 11 of the Plaintiffs' First Amended Complaint inconsistent with the foregoing.

12. These Defendants are without information as to how Plaintiff Debra Brown was injured and demand strict proof of these allegations. These Defendants deny that Plaintiff Debra Brown was unable to move or that she laid in pain on the concrete floor for approximately four hours.

13. These Defendants deny the allegations contained in paragraph 13 of the Plaintiffs' First Amended Complaint to the extent that they are directed at Sgt. Rick Gentry. These Defendants are unaware of a correctional officer named "Trey" and are without information sufficient to form a belief as to the truth of this allegation and demand strict proof of it.

14. These Defendants admit that an ambulance was called for Plaintiff Debra Brown. These Defendants admit that Plaintiff Debra Brown was removed from her cell by stretcher and transported to the Medical Center of Manchester for treatment. These

Defendants admit that x-rays taken at the hospital showed that Plaintiff Debra Brown had a compression fracture of her L1 vertebrae. These Defendants are without information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 14 of the Plaintiffs' First Amended Complaint and demand strict proof of them.

15. These Defendants admit the allegations contained in paragraph 15 of the Plaintiffs' First Amended Complaint.

16. These Defendants admit that Plaintiff Debra Brown received a medical furlough during the time she was in the hospital for treatment of her injuries. These Defendants deny that Coffee County sought a medical furlough for Plaintiff Debra Brown in an attempt to avoid paying for medical bills. These Defendants admit that Coffee County has paid Plaintiff Debra Brown's medical bills for treatment from several providers, including the Medical Center of Manchester and Centennial Medical Center, related to her back injury.

17. These Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Plaintiffs' First Amended Complaint and demand strict proof of these allegations.

18. These Defendants deny the allegations contained in paragraph 18 of the Plaintiffs' First Amended Complaint.

19. These Defendants deny the allegations contained in paragraph 19 of the Plaintiffs' First Amended Complaint.

20. These Defendants are without information sufficient to form a belief as to the truth of the allegations contained in sentence one of paragraph 20 of the Plaintiff's First Amended Complaint and demand strict proof of these allegations. These Defendants

admit that Plaintiff Debra Brown received a copy of the Coffee County Jail facility rules and regulations at the time of her incarceration on August 19, 2004. These Defendants deny the allegations contained in sentence two of paragraph 20 of the Plaintiffs' First Amended Complaint.

21. These Defendants admit that Plaintiff Jerome Bell injured the middle finger on his left hand. These Defendants deny that Plaintiff Jerome Bell cut his finger on a showerhead at the Coffee County Jail. These Defendants are without information sufficient to form a belief as to the date Plaintiff Jerome Bell cut his finger and demand strict proof of this allegation. These Defendants admit that Plaintiff Jerome Bell's middle finger became infected.

22. These Defendants admit that Plaintiff Jerome Bell submitted a written request for medical attention for his finger on October 2, 2004. These Defendants admit that Plaintiff Bell was treated at United Regional Medical Center the morning of October 2, 2004. These Defendants deny that Plaintiff Jerome Bell did not receive medical treatment until October 8, 2004.

23. These Defendants admit that Plaintiff Jerome Bell was returned to the Coffee County Jail after being treated at United Regional Medical Center on October 2, 2004.

24. These Defendants deny the allegations contained in paragraph 24 of the Plaintiffs' First Amended Complaint. These Defendants admit that Plaintiff Bell received antibiotics and Motrin twice daily from October 2-6, 2004.

25. These Defendants admit that on or about October 6, 2004, Plaintiff Jerome Bell's mother visited the jail and observed that Plaintiff Bell's middle finger was infected. These Defendants admit that Plaintiff Bell's mother contacted Pamela Freeman and that

Captain Freeman contacted Sheriff Steve Graves. These Defendants admit that Plaintiff Jerome Bell was sent back to the emergency room on October 6, 2004. These Defendants deny that these events occurred on October 11, 2004. These Defendants deny the allegations contained in paragraph 25 of the Plaintiffs' First Amended Complaint inconsistent with the foregoing.

26. These Defendants admit that Plaintiff Jerome Bell was hospitalized at United Regional Medical Center from October 6-9, 2004 before being transferred to Vanderbilt University Medical Center on October 9, 2004, where he stayed until October 16, 2004. These Defendants are without information sufficient to form a belief as to whether or when Plaintiff Bell's finger turned black and therefore demand strict proof of this allegation.

27. These Defendants admit the allegations contained in paragraph 27 of the Plaintiffs' First Amended Complaint.

28. These Defendants deny the allegations contained in paragraph 28 of the Plaintiffs' First Amended Complaint.

29. These Defendants admit that Plaintiff Charles T. Brooks reported falling in the shower at the Coffee County Jail on May 15, 2005. These Defendants are without information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Plaintiffs' First Amended Complaint and demand strict proof of these allegations.

30. These Defendants admit that Plaintiff Brooks was taken to United Regional Medical Center on May 15, 2005 for x-rays of his elbow and knee. These Defendants admit that x-rays of the elbow showed degenerative changes as listed in paragraph 30 of the Plaintiffs' First Amended Complaint.

31. These Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Plaintiffs' First Amended Complaint and demand strict proof of these allegations.

32. These Defendants deny the allegations contained in paragraph 32 of the Plaintiffs' First Amended Complaint. These Defendants admit that Dr. Florence saw Plaintiff Brooks for follow up on May 23, 2005.

33. These Defendants deny the allegations contained in paragraph 33 of the Plaintiffs' First Amended Complaint as stated. These Defendants deny that any physician ordered a CT scan of Plaintiff Brooks' elbow. These Defendants are without information regarding any medications prescribed by the emergency room physician and demand strict proof of this allegation. These Defendants admit that Plaintiff Brooks received Naprosyn for the remainder of his incarceration in the Coffee County Jail. These Defendants admit that Dr. Florence told Plaintiff Brooks that he did not think that he needed a CT scan of his elbow based on the x-ray finding and that if he wanted a CT scan, he could pay for it on his own. These Defendants deny the allegations in paragraph 33 of the Plaintiffs' First Amended Complaint inconsistent with the foregoing.

34. These Defendants deny the allegations contained in paragraph 34 of the Plaintiffs' First Amended Complaint.

35. These Defendants admit that Plaintiff Swearington suffered a cut on his leg. These Defendants are without information sufficient to form a belief as to the truth of the allegations as to where and when the cut occurred and the size of the cut as alleged in paragraph 35 of the Plaintiffs' First Amended Complaint and demand strict proof of these allegations.

308474

8

36. These Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Plaintiffs' First Amended Complaint and demand strict proof of these allegations.

37. These Defendants admit that Plaintiff Swearington developed an infection in his cut. These Defendants are without information sufficient to form a belief as to when the infection developed and demand strict proof of this allegation.

38. These Defendants deny the allegations contained in paragraph 38 of the Plaintiffs' First Amended Complaint.

39. These Defendants deny the allegations contained in paragraph 39 of the Plaintiffs' First Amended Complaint as stated. These Defendants admit that the Plaintiff was treated by Jonathan Yott on October 1, 2004, by Dr. David Florence on October 3, 2004, and at United Regional Medical Center on October 1 and October 7-12, 2004.

40. These Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Plaintiffs' First Amended Complaint and demand strict proof of these allegations.

41. These Defendants admit that the Plaintiff was hospitalized at United Regional Medical Center from October 7-12, 2004 for cellulitis in his calf before returning to the Coffee County Jail.

42. These Defendants deny the allegations contained in paragraph 42 of the Plaintiffs' First Amended Complaint.

43. These Defendants admit that Plaintiff Swearington was released from jail on October 30, 2004 for completion of his sentence. These Defendants deny that Plaintiff Swearington was released on a medical furlough.

308474

9

44. These Defendants admit the allegations contained in paragraph 44 of the Plaintiffs' First Amended Complaint.

45. These Defendants deny the allegations contained in paragraph 45 of the Plaintiffs' First Amended Complaint.

46. These Defendants admit the allegations contained in paragraph 46 of the Plaintiffs' First Amended Complaint.

47. These Defendants are without information sufficient to form a belief as to the truth of the allegations regarding the extent of Plaintiff McGuinn's injuries resulting from a motor vehicle accident and demand strict proof of these allegations. These Defendants admit that Plaintiff Michael McGuinn had been fitted with a right leg prosthetic. These Defendants deny the remaining allegations contained in paragraph 47 of the Plaintiffs' First Amended Complaint.

48. These Defendants deny the allegations contained in paragraph 48 of the Plaintiffs' First Amended Complaint.

49. These Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Plaintiffs' First Amended Complaint and demand strict proof of these allegations.

50. These Defendants deny the allegations contained in paragraph 50 of the Plaintiffs' First Amended Complaint.

51. These Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Plaintiffs' First Amended Complaint and demand strict proof of these allegations.

52. These Defendants admit that Plaintiff McGuinn could have been charged for over the counter medication that he requested. These Defendants deny the remaining allegations contained in paragraph 52 of the Plaintiffs' First Amended Complaint.

53. These Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Plaintiffs' First Amended Complaint and demand strict proof of these allegations.

54. These Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Plaintiffs' First Amended Complaint and demand strict proof of these allegations.

55. These Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the Plaintiffs' First Amended Complaint and demand strict proof of these allegations.

56. These Defendants deny the allegations contained in paragraph 56 of the Plaintiffs' First Amended Complaint.

57. These Defendants deny the allegations contained in paragraph 57 of the Plaintiffs' First Amended Complaint.

58. These Defendants are without information sufficient to form a belief as to the truth of the allegations contained in sentence one of paragraph 58 of the Plaintiffs' First Amended Complaint and demand strict proof of these allegations. These Defendants admit that Plaintiff Gullett was seen by nurse Kayron Bowen on August 7, 2005 for a possible urinary tract infection. These Defendants admit that Plaintiff Gullett began receiving an antibiotic and other medications on August 7, 2005. These Defendants admit that Dr. Florence prescribed a second antibiotic on August 9, 2005. These Defendants

admit that Plaintiff Gullett was seen by Dr. Florence at United Regional Medical Center from August 10-11, 2005. These Defendants deny the allegations contained in sentence two of paragraph 58 of the Plaintiffs' First Amended Complaint inconsistent with the foregoing.

59-69. The Plaintiffs' First Amended Complaint skips paragraphs 59-69.

70. These Defendants are without information sufficient to form a belief as to the truth of the allegations contained in sentence one of paragraph 70 of the Plaintiffs' First Amended Complaint and demand strict proof of these allegations. These Defendants admit that Plaintiff Gullett was prescribed medications on the dates alleged in paragraph 58 of these Defendants' Answer.

71-72. These Defendants deny the allegations contained in paragraphs 71 and 72 of the Plaintiffs' First Amended Complaint as stated. These Defendants admit that just before midnight on August 9, 2005, Plaintiff Gullett passed out in her cell. These Defendants admit that Plaintiff Gullett was transported to United Regional Medical Center at approximately 12:05 a.m. on August 10, 2005, where she was kept until August 11, 2005 by Dr. Florence. These Defendants admit that Plaintiff Gullett was prescribed Ancef, Protonix, Singulair, Spiniva, Nasonex, Seroquel, Loratadine, Darvocet, and a soft diet. These Defendants denies the allegations in paragraphs 71 and 72 of the Plaintiffs' First Amended Complaint inconsistent with the foregoing.

73. These Defendants deny the allegations contained in paragraph 73 of the Plaintiffs' First Amended Complaint.

74. These Defendants are without information sufficient to form a belief as to the truth of the allegations contained in sentence one of paragraph 74 of the Plaintiffs' First Amended Complaint and demand strict proof of these allegations.

75. These Defendants deny the allegations contained in paragraph 75 of the Plaintiffs' First Amended Complaint.

76. These Defendants deny the allegations contained in paragraph 76 of the Plaintiffs' First Amended Complaint as stated. These Defendants admit that Plaintiff Gullett was admitted to the hospital one time for treatment of a urinary tract infection from August 10-11, 2005 as described above in these Defendants' response to the allegations in paragraphs 71 and 72 of the Plaintiffs' First Amended Complaint. To the extent that Plaintiff Gullett alleges that her condition worsened after that hospitalization and that she went back to the hospital a second time, these Defendants deny all such allegations.

77. These Defendants are without information sufficient to form a belief as to the truth of the allegations contained in sentence one of paragraph 77 of the Plaintiffs' First Amended Complaint and demand strict proof of these allegations.

78. These Defendants deny the allegations contained in paragraph 78 of the Plaintiffs' First Amended Complaint.

79. These Defendants are without information sufficient to form a belief as to the truth of the allegations contained in sentence one of paragraph 79 of the Plaintiffs' First Amended Complaint and demand strict proof of these allegations.

80. These Defendants admit that inmates at the Coffee County Jail are charged a nominal fee for treatment by the jail nurses and physician. These Defendants deny the remaining allegations contained in paragraph 80 of the Plaintiffs' First Amended Complaint.

81. These Defendants incorporate by reference their responses to paragraphs 1-80 of the Plaintiffs' First Amended Complaint.

82. These Defendants deny the allegations contained in paragraph 82 of the Plaintiffs' First Amended Complaint.

83. These Defendants deny the allegations contained in paragraph 83 of the Plaintiffs' First Amended Complaint.

84. These Defendants are without information sufficient to form a belief as to the time referred to as "all times pertinent hereto" and demand strict proof of this allegation. These Defendants admit that at some point during their incarcerations or detentions at the Coffee County Jail, all of the Plaintiffs required medical care. These Defendants admit that the jail's nurses and physicians rendered prompt, appropriate medical care to each of the Plaintiffs. All of these Plaintiffs received treatment at the hospital when needed. These Defendants deny the remaining allegations contained in paragraph 84 of the Plaintiffs' First Amended Complaint.

85. These Defendants deny the allegations contained in paragraph 85 of the Plaintiffs' First Amended Complaint.

86. These Defendants deny the allegations contained in paragraph 86 of the Plaintiffs' First Amended Complaint.

87. These Defendants deny the allegations contained in paragraph 87 of the Plaintiffs' First Amended Complaint.

88. These Defendants incorporate by reference their responses to paragraphs 1-87 of the Plaintiffs' First Amended Complaint.

89. These Defendants admit that Sheriff Steve Graves is the chief law enforcement officer for Coffee County and that Captain Pam Freeman serves as the jail's Captain. These Defendants deny that Sheriff Graves or Captain Freeman is "in charge of" all hiring, supervising, training and disciplining officers under their command. These Defendants deny that Sheriff Graves or Captain Freeman is responsible for establishing all policies for the operation of the Coffee County Jail. These Defendants deny the allegations contained in paragraph 89 of the Plaintiffs' First Amended Complaint to the extent that they are directed at Coffee County.

90. These Defendants deny the allegations contained in paragraph 90 of the Plaintiffs' First Amended Complaint.

91. These Defendants deny the allegations contained in paragraph 91 of the Plaintiffs' First Amended Complaint.

92. These Defendants deny the allegations contained in paragraph 92 of the Plaintiffs' First Amended Complaint.

93. These Defendants deny the allegations contained in paragraph 93 of the Plaintiffs' First Amended Complaint.

94. These Defendants deny the allegations contained in paragraph 94 of the Plaintiffs' First Amended Complaint.

95. These Defendants incorporate by reference their responses to paragraphs 1-94 of the Plaintiffs' First Amended Complaint.

96. Paragraph 96 of the Plaintiffs' First Amended Complaint contains a conclusion of law requiring no response from these Defendants. These Defendants admit

308474

15

Case 4:05-cv-00067   Document 46   Filed 12/06/06   Page 15 of 19   PageID #: <pageID>

that Coffee County has a duty to protect all inmates and detainees at the jail from unreasonable or substantial risk of serious harm.

97. These Defendants deny the allegations contained in paragraph 97 of the Plaintiffs' First Amended Complaint.

98. These Defendants deny the allegations contained in paragraph 98 of the Plaintiffs' First Amended Complaint.

99. These Defendants deny the allegations contained in paragraph 99 of the Plaintiffs' First Amended Complaint.

100. These Defendants deny the allegations contained in paragraph 100 of the Plaintiffs' First Amended Complaint.

101. These Defendants deny the allegations contained in paragraph 101 of the Plaintiffs' First Amended Complaint.

102. These Defendants deny the allegations contained in paragraph 102 of the Plaintiffs' First Amended Complaint.

103. These Defendants incorporate their responses to paragraphs 1 – 102 of the Plaintiffs' First Amended Complaint.

104. These Defendants deny the allegations contained in paragraph 104 of the Plaintiffs' First Amended Complaint.

105. These Defendants deny the allegations contained in paragraph 105 of the Plaintiffs' First Amended Complaint.

106. These Defendants are without information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Plaintiffs' First Amended Complaint and demand strict proof of these allegations.

107. These Defendants deny the allegations contained in paragraph 107 of the Plaintiffs' First Amended Complaint.

108. These Defendants deny that the Plaintiffs are entitled to any of the relief sought in their Demand for Relief.

## AFFIRMATIVE DEFENSES

1. The Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted and should therefore be dismissed.

2. The Plaintiffs have not complied with the Prison Litigation Reform Act. The Plaintiffs have failed to exhaust their administrative remedies and failed to attach to their First Amended Complaint copies of any grievances they filed during their incarcerations or detentions at the Coffee County Jail.

3. These individual Defendants are entitled to qualified immunity in their individual capacities.

4. These Defendants violated no constitutionally protected rights of the Plaintiffs. No alleged constitutional violations occurred as a result of a policy or regulation of the Coffee County government.

5. These Defendants made reasonable accommodations for Plaintiff Michael McGuinn during his incarceration in the Coffee County Jail.

6. The Plaintiffs' claims are time barred based on the running of the statute of limitations.

7. The Plaintiffs' First Amended Complaint regarding alleged shortcomings in the Coffee County Jail's grievance procedures do not implicate the Plaintiffs' Constitutional rights. The Plaintiffs have no protected constitutional interest in jail grievance procedures.

308474

17

8. At no time did any of the Defendants act with deliberate indifference towards any of the Plaintiffs' medical needs or their conditions of confinement. None of the Plaintiffs has an actionable Eighth Amendment claim.

9. These Defendants reserved the right to amend their Answer pending further investigation and discovery in the case.

Now having answered, these Defendants generally deny all allegations of the Plaintiffs' First Amended Complaint not specifically admitted or denied, move for a dismissal of the Plaintiffs' First Amended Complaint and request a jury to try this case.

Respectfully submitted,

STEWART, ESTES & DONNELL

By: /s/ Jeffrey M. Beemer
Jeffrey M. Beemer, # 17247
Financial Center, Suite 1401
424 Church Street
Nashville, TN 37219
(615) 244-6538

Attorneys for Defendants Coffee County, Tennessee, Steve Graves, Pamela Freeman, Brittany Hodge, Teresa Hulan, Rick Gentry, Kenneth Scheller, Lt. Charles Beatty, Kayron Bowen, Jonathan Yott and Wade Ferrell

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and exact copy of the foregoing has been served by electronic filing or United States Mail, first class, postage pre-paid, to:

    James L. Baum, Esq.
    P. O. Box 338
    Burns, TN 37029

this 6th day of December, 2006.

                                       /s/ Jeffrey M. Beemer
                                       Jeffrey M. Beemer