IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| GREGORY J. MORGAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No: 4:06-CV-15 |
| ) | JUDGE MATTICE/CARTER |
| COFFEE COUNTY, TENNESSEE, ) | JURY DEMAND |
| STEVE GRAVES, individually and in his ) | |
| official capacity, PAUL BLACKWELL, ) | |
| individually and in his official capacity, ) | |
| and JONATHAN YOTT, individually and ) | |
| in his official capacity, ) | |
| ) | |
| Defendants. ) | |

_____

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION IN LIMINE TO EXCLUDE CERTAIN EXHIBITS IDENTIFIED IN THE PLAINTIFF'S PRETRIAL DISCLOSURES**
_____

Defendants Coffee County, Tennessee, Steve Graves, and Jonathan Yott submit this Memorandum of Law in Support of their Motion in Limine to Exclude Certain Exhibits Identified in the Plaintiff's Pretrial Disclosures.

**INTRODUCTION**

Defendants seek to exclude the following exhibits identified in the Plaintiff's Pretrial Disclosures, specifically: (2) November 8, 2004 letter to Steve Graves from John Hanna[1]; (4) November 29, 2004 letter from Jerry Abston to Steve Graves[2]; (5) November 19, 2004 letter from Terry Hazard to Ray Johnson[3]; (7) September 23, 2004

---

[1] This letter is mentioned twice in the Plaintiff's Pretrial Disclosures.
[2] The Plaintiff refers to this letter as the November 19, 2004 letter from Steve Graves to Jerry Abston in his Pretrial Disclosures.
[3] The Plaintiff refers to this letter as the November 19, 2003 letter in his Pretrial Disclosures.

TCI[4] inspection report; (8) October 25, 2005 TCI inspection report; (9) June 5, 2006 TCI inspection report; (10) June 12, 2006 letter from Jerry Abston to Steve Graves; (11) August 7, 2006 TCI inspection report; (12) September 23, 2004 letter from TCI[5]; and (15) July 12, 2006 letter from Ray Johnson to Steve Graves.

All of the documents listed above relate to the condition of the Coffee County Jail after the Plaintiff's release, making such documents either irrelevant and inadmissible under Federal Rule of Evidence 402, or excludable under Federal Rule of Evidence 403. Further, the Plaintiff seeks to rely upon evidence that was not asserted as a basis for the claims in his Complaint.

## **FACTS**

The Plaintiff contends that he was denied medical treatment for a dental condition from September 8-10, 2003. (First Amended Complaint, ¶¶ 11-13). On September 10, 2003, the Plaintiff was released on his own recognizance from the Coffee County Jail. (First Amended Complaint, ¶ 15).

The Plaintiff has identified as a potential trial witness Mr. John Hanna, who is employed as a Detentions Facilities Specialist for the Tennessee Corrections Institute. (Hanna Depo. at p. 7, l. 20-22, at p. 9, l. 12-13). During his deposition, Mr. Hanna was questioned about several inspections of the Coffee County Jail that he had performed over the previous several years, as well as letters relating to those inspections. Some of the inspections and letters were close in time to the Plaintiff's incarceration. Mr. Hanna testified that in August 2003, less than a month before the Plaintiff's alleged claim arose, the Coffee County Jail was "in good shape" and satisfied the minimum

---

[4] "TCI" is an abbreviation for the Tennessee Corrections Institute.
[5] The Plaintiff refers to this letter as the September 23, 2006 letter in his Pretrial Disclosures.

336111
2
Case 4:05-cv-00067   Document 70   Filed 03/03/08   Page 2 of 8   PageID #: 213

standard compliance requirements. (Hanna Dep. at p. 69, lines 7-8, at p. 78, lines 21-25, at p. 79, lines 1-25; Hanna Dep. Exhibits 9 and 10). However, other inspections and letters took place following the Plaintiff's release and focused on overcrowding at the jail. The first finding of overcrowding is noted in a September 23, 2004 inspection report. (Hanna Dep. Exhibit 1).

The inspections that took place following the Plaintiff's release and letters related to these inspections are the subject of this motion. These documents, listed in chronological order, include: (1) A September 23, 2004 TCI inspection report indicating overcrowding. (Hanna Depo. Exhibit 1). (2) A letter dated September 23, 2004, written to Steve Graves from TCI, recommending that the inmate population be reduced to alleviate the overcrowding. (Hanna Depo. Exhibit 7). (3) A letter dated November 8, 2004, written to Steve Graves from Mr. Hanna, providing recommendations for reduction of the inmate population based upon the September 23, 2004 inspection report. (Hanna Depo. Exhibit 8). (4) A letter dated November 19, 2004, written to Mayor Ray Johnson from Terry Hazard, a criminal justice consultant, referring to a tour of the Coffee County Jail on November 15, 2004. (Hanna Depo. Exhibit 6). It then notes observations and recommendations regarding overcrowding at the jail. (5) A letter dated November 29, 2004, written to Steve Graves from Jerry Abston, referencing the September 23, 2004 TCI inspection report. (Hanna Depo. Exhibit 2). (6) An October 25, 2005 TCI inspection report indicating overcrowding. (Hanna Depo. Exhibit 3). (7) A June 5, 2006 TCI inspection report indicating overcrowding. (Hanna Depo. Exhibit 4). (8) A letter dated June 12, 2006, written to Steve Graves from Jerry Abston, referencing the inspection performed on June 5, 2006. (Hanna Depo. Exhibit 4). (9) A

letter dated July 12, 2006, written to Steve Graves from Mayor Ray Johnson, detailing the options for expanding the jail to accommodate more inmates. (Hanna Depo. Exhibit 12). (10) An August 7, 2006 TCI inspection report indicating overcrowding. (Hanna Depo. Exhibit 5).

## ARGUMENT

1. <u>The Plaintiff's First Amended Complaint made no assertion that the Coffee County Jail was overcrowded at the time his alleged claim arose, nor did it assert that any such overcrowding had a causal relationship to his alleged injuries.</u>

The assertions in the Plaintiff's First Amended Complaint focus on the alleged lack of medical care provided by the jail staff, as well as the alleged absence of an adequate grievance filing procedure for inmates. The Plaintiff cannot now claim that overcrowding at the jail in September 2004 had anything to do with the delivery of medical care in September 2003.

> [Pleadings] provide the parties and the trial court with notice of the claims and defenses involved in the case. <u>Poster v. Andrews</u>, 182 Tenn. 671, 677, 189 S.W.2d 580, 582 (1943); <u>Hammett v. Vogue, Inc.</u>, 179 Tenn. 284, 290, 165 S.W.2d 577, 579 (1942). Thus, even under today's relaxed rules of pleading, it is necessary to include enough facts in a complaint to articulate a claim for relief. <u>Jasper Engine & Transmission Exchange v. Mills</u>, 911 S.W.2d 719, 720 (Tenn.Ct.App.1995).
>
> The failure to assert a claim or defense in a timely manner is deemed a waiver of the right to rely on the claim or defense later in the proceeding. <u>Castelli v. Lien</u>, 910 S.W.2d 420, 429 (Tenn.Ct.App.1995). Thus, unless the unpled claim has been tried by consent in the trial court, it cannot provide a basis for a judgment in favor of the claimant. <u>Fidelity-Phenix Fire Ins. Co. v. Jackson</u>, 181 Tenn. 453, 463, 181 S.W.2d 625, 629 (1944); <u>Roddy v. Volunteer Med. Clinic, Inc.</u>, 926 S.W.2d 572, 576-77 (Tenn.Ct.App.1996); <u>John J. Heirigs Constr. Co. v. EXIDE Corp.</u>, 709 S.W.2d 604, 607 (Tenn.Ct.App.1986).

<u>Rawlings v. John Hancock Mut. Life Ins. Co.</u>, 78 S.W.3d 291, 300 (Tenn. Ct. App. 2001).

Federal Rule of Civil Procedure 8 states that a complaint must give the opposing party fair notice of what a plaintiff's claim is and the grounds upon which it rests. Underwood v. Archer Mgmt. Serv., Inc., 857 F.Supp. 96, 97 (D.D.C. 1994). See also Ross v. State of Ala., 893 F.Supp. 1545, 1553 (M.D.Ala. 1995); Dimuccio v. D'Ambra, 779 F.Supp. 1318, 1322 (M.D.Fla. 1991); Weiner v. Bank of King of Prussia, 358 F.Supp. 684, 703 (E.D.Pa. 1973); Hatten v. Worden, 38 F.R.D. 496, 498 (D.C.Pa. 1965). The purpose of this rule is to provide the adversary party or parties with sufficient notice to prepare their defense, and the court with sufficient information to determine the issues presented. Philadelphia Dressed Beef Co. v. Wilson & Co., 19 F.R.D. 198, 201 (E.D.Pa. 1956).

The Plaintiff did not base his claim to relief on the grounds of overcrowding at the Coffee County Jail, as no such allegation appears in his First Amended Complaint. Further, the inspection performed in September 2003 would not support such an allegation. Therefore, the records of inspections and letters that the Plaintiff seeks to introduce at trial should be inadmissible.

    2.    <u>The fact that the Coffee County Jail may have experienced overcrowding following the Plaintiff's release from the facility is entirely irrelevant, and therefore inadmissible, to the litigation at hand.</u>

    a.    <u>The evidence is inadmissible.</u>

The Federal Rules of Evidence define "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (2008). Federal Rule of Evidence 402 provides that all relevant evidence is admissible, and all irrelevant evidence is inadmissible. Fed. R. Civ.

P. 402 (2008). The exclusion of evidence on the grounds of relevancy is within the discretion of the trial court. <u>McLaurin v. Fischer</u>, 768 F.2d 98, 104 (6th Cir. 1985).

The Plaintiff alleges that he received inadequate medical care at the Coffee County Jail in September of 2003. Any evidence regarding the state of the Coffee County Jail following the Plaintiff's release on September 10, 2003, is entirely irrelevant to the litigation at hand. Because of its irrelevance, such evidence is inadmissible for purposes of this litigation.

In fact, Mr. Hanna testified that in August 2003, less than a month before the Plaintiff's alleged claim arose, the Coffee County Jail was "in good shape" and satisfied the minimum standard compliance requirements. (Hanna Dep. at p. 69, lines 7-8, at p. 78, lines 21-25, at p. 79, lines 1-25; Hanna Dep. Exhibits 9 and 10). As the Plaintiff's Complaint so clearly asserts, his alleged cause of action arose from his incarceration in September 2003. (First Amended Complain, ¶¶ 10-17). Therefore, evidence regarding the condition of the facility up until September 10, 2003, is relevant and admissible. However, any evidence regarding the condition of the facility after the Plaintiff's release on September 10, 2003, is irrelevant and inadmissible. Of the documents the Defendants seek to have excluded, the document that is closest in time to when the Plaintiff's alleged claim arose is dated September 2004, or twelve months later.

  b. <u>The evidence should be excluded.</u>

Alternatively, if the Court does deem the evidence relevant, it should be excluded under Federal Rule of Evidence 403.

**Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time**

Although relevant, evidence may be excluded if its probative value is

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Fed. R. Evid. 403 (2008). The Defendants assert that the documents which are the subject of this motion meet all the criteria for exclusion set out in Rule 403: they would needlessly inflict unfair prejudice on the Defendants; they are not relevant in time, and would only serve to confuse issues and mislead a jury; and their introduction would certainly lead to undue delay, waste of time, and the needless presentation of cumulative evidence.

> Under the rule that evidence must be confined to the points at issue, that the attention of juries may not be distracted nor public time needlessly consumed, collateral facts are excluded which have no connection with the subject litigated and are therefore incapable of shedding light on the inquiry or affording grounds for reasonable presumptions or inferences.

Twachtman v. Connelly, 106 F.2d 501, 506 (6th Cir. 1939). Evidence concerning overcrowding at the Coffee County Jail after the accrual of the Plaintiff's alleged cause of action has no connection to the subject, and cannot possibly shed light on the issue. Therefore, such evidence would simply confuse the jury and waste the Court's time.

## **CONCLUSION**

For the reasons stated hereinabove, the Defendants ask that a motion in limine excluding exhibits noted in the Plaintiff's Pretrial Disclosures be granted in their favor.

Respectfully submitted,

STEWART, ESTES & DONNELL, PLC


By: /s/ Jeffrey M. Beemer
    Jeffrey M. Beemer, #17247
    Fifth Third Center, Suite 1401
    424 Church Street

Nashville, TN 37219
(615) 244-6538

Attorneys for Defendants Coffee County, Tennessee, Steve Graves, and Jonathan Yott

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been served by electronic filing or United States Mail, first class, postage pre-paid, to:

James L. Baum, Esq.
P. O. Box 338
Burns, TN 37029

this 3rd day of March, 2008.

/s/ Jeffrey M. Beemer
Jeffrey M. Beemer