IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | | |
|---|---|---|
| GREGORY J. MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 4:06-CV-15 |
| | ) | JUDGE MATTICE/CARTER |
| COFFEE COUNTY, TENNESSEE, | ) | JURY DEMAND |
| STEVE GRAVES, individually and in his | ) | |
| official capacity, PAUL BLACKWELL, | ) | |
| individually and in his official capacity, | ) | |
| and JONATHAN YOTT, individually and | ) | |
| in his official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**DEFENDANTS' PROPOSED JURY INSTRUCTIONS**
_____

Come Defendants Coffee County, Tennessee, Steve Graves, and Jonathan Yott, pursuant to Local Rule 51.1, and request the Court to charge the jury with the following instructions:

1. Section 1983 – Nature of the Action; O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 166.01 (5th ed. 2000) (modified).

2. Section 1983 – Generally; O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 166.10 (5th ed. 2000) (modified).

3. Section 1983 – Denial of Medical Care; O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 166.21 (5th ed. 2000) (modified).

4. Section 1983 – The Objective and Subjective Components of Denial of Medical Care; Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Helling v. McKinney, 509 U.S. 25, 36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); Blackmore v. Kalamazoo County, 390 F. 3d 890, 895 (6th Cir. 2004); Napier v. Madison County, 238 F.3d 739, 742 (6th Cir. 2001); Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000); Horn v. Madison County Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994).

5. Section 1983 – Deliberate Indifference; O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 166.30 (5th ed. 2000) (modified).

6. Section 1983 – Liability of Superior Officers; O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 165.24 (5th ed. 2000) (modified).

7. Section 1983 – Custom, Policy, Ordinance, Regulation or Decision; O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 165.25 (5th ed. 2000) (modified).

8. Section 1983 – Failure to Train; O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 165.26 (5th ed. 2000) (modified).

9. Section 1983 – Punitive Damages; O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 166.62 (5th ed. 2000) (modified).

Respectfully submitted,

STEWART, ESTES & DONNELL, PLC

By: /s/ Jeffrey M. Beemer
Jeffrey M. Beemer, #17247
Fifth Third Center, Suite 1401
424 Church Street
Nashville, TN 37219
(615) 244-6538

Attorney for Defendants Coffee County, Tennessee, Steve Graves, and Jonathan Yott

**CERTIFICATE OF SERVICE**

I hereby certify that a true and exact copy of the foregoing has been served by electronic filing or United States Mail, first class, postage pre-paid, to:

James L. Baum, Esq.
P. O. Box 338
Burns, TN 37029

this 3rd day of March, 2008.

/s/ Jeffrey M. Beemer
Jeffrey M. Beemer

336755
2
Case 4:05-cv-00067 Document 71 Filed 03/03/08 Page 2 of 12 PageID #: 221

## **SECTION 1983 – NATURE OF THE ACTION**

The Eighth Amendment to the United States Constitution provides that no cruel and unusual punishment may be inflicted. Plaintiff Gregory Morgan was an inmate at the Coffee County Jail. Plaintiff Morgan claims that Defendant Jonathan Yott denied Plaintiff's Eighth Amendment rights by ignoring requests for medical treatment and failing to provide emergency medical care from September 8-10, 2003.

Defendant Jonathan Yott denies that he deprived Plaintiff Morgan of his rights under the Eighth Amendment.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 166.01 (5th ed. 2000) (modified).

## **SECTION 1983 – GENERALLY**

Under the Eighth Amendment to the U.S. Constitution, every person convicted of a crime or a criminal offense has the right not to be subjected to cruel and unusual punishments.

Section 1983, the federal civil rights statute under which the Plaintiff sues, provides that a person may seek relief in this court by way of damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 166.10 (5th ed. 2000) (modified).

## SECTION 1983 – DENIAL OF MEDICAL CARE

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the U.S. Constitution. The Plaintiff claims that Defendant Jonathan Yott demonstrated deliberate indifference to the Plaintiff's serious medical needs in violation of the Plaintiff's Eighth Amendment constitutional rights.

In order to prove a violation under the Eighth Amendment, the Plaintiff must show that Defendant Jonathan Yott unnecessarily and wantonly inflicted harm on the Plaintiff.

To show that the Plaintiff's Eighth Amendment rights were violated because the Plaintiff received inadequate medical care, the Plaintiff must prove that Defendant Jonathan Yott exhibited deliberate indifference to Plaintiff's serious medical needs. Accordingly, the Plaintiff must prove all of the following elements by a preponderance of the evidence:

First: That the Plaintiff had a serious illness.

Second: That Defendant Jonathan Yott was aware of the Plaintiff's serious need for medical care;

Third: That Defendant Jonathan Yott, with deliberate indifference to the illness of the Plaintiff, failed to provide medical care needed within a reasonable amount of time;

Fourth: That the Plaintiff was injured as a result of Defendant Jonathan Yott's deliberate indifference to the Plaintiff's serious medical needs; and

Fifth: That Defendant Jonathan Yott was acting under color of state law.

If the Plaintiff fails to prove any of these elements, you must find for the Defendants.

The first element is to be examined objectively, focusing on the specific illness or

injury and the reasonably foreseeable consequences to the Plaintiff of a deprivation of care or inadequate care. That is, would a reasonable person acting under the same circumstances foresee that the conduct of Defendant Jonathan Yott would cause the harm the Plaintiff claims?

The second element is to be evaluated by a subjective analysis of Defendant Jonathan Yott and his state of mind.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u> § 166.21 (5th ed. 2000) (modified).

# SECTION 1983 – THE OBJECTIVE AND SUBJECTIVE COMPONENTS OF DENIAL OF MEDICAL CARE

A constitutional claim for denial of medical care has objective and subjective components.

The objective component requires the existence of a sufficiently serious medical need. In order to satisfy this component, the Plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm. Also, the Plaintiff must prove that a delay in medical treatment rose to the level of a constitutional violation. In order to prove that a delay in medical treatment rose to the level of a constitutional violation, the Plaintiff must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment in order to successfully state a claim against the Defendants.

The subjective component requires the Plaintiff to show that Defendant Jonathan Yott had a sufficiently culpable state of mind in denying medical care. This subjective component should be determined in light of Defendant Yott's attitude and conduct. Deliberate indifference is more than mere negligence or inadvertence. Therefore, the Plaintiff must prove that Defendant Jonathan Yott was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and that Defendant Jonathan Yott also actually drew that inference. Knowledge of the Plaintiff's asserted serious needs or of circumstances clearly indicating the existence of such needs is essential to a finding of deliberate indifference.

Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Helling v. McKinney, 509 U.S. 25, 36, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993); Blackmore v. Kalamazoo County, 390 F. 3d 890, 895 (6th Cir. 2004); Napier v. Madison County, 238 F.3d 739, 742 (6th Cir. 2001); Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000); Horn v. Madison County Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994).

## **SECTION 1983 – DELIBERATE INDIFFERENCE**

Deliberate indifference is established only if there is actual knowledge of a substantial risk that the Plaintiff required emergency medical care for his dental condition and if Defendant Jonathan Yott disregards that risk by intentionally refusing or failing to take reasonable measures to deal with the problem. Mere negligence or inadvertence does not constitute deliberate indifference.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 166.30 (5th ed. 2000) (modified).

# **SECTION 1983 – LIABILITY OF SUPERIOR OFFICERS**

The Plaintiff makes a claim, not only against Defendant Jonathan Yott, but also against Sheriff Steve Graves. In order for Defendant Sheriff Steve Graves to be liable to the Plaintiff, the Plaintiff must show:

First: That Defendant Jonathan Yott violated Plaintiff's constitutional rights; and

Second: That Defendant Sheriff Steve Graves either encouraged the specific incident of misconduct or in some other way directly participated in it.

At a minimum, the Plaintiff must show that Defendant Sheriff Steve Graves at least officially authorized, approved, or knowingly went along with the unconstitutional conduct of Defendant Jonathan Yott.

Personal participation in the immediate act that violated the Plaintiff's rights is not required. It is sufficient if Defendant Sheriff Steve Graves set in motion a series of acts by others, or knowingly refuses to terminate a series of acts by others, which Defendant Sheriff Steve Graves knew or reasonably should have known would cause others to inflict the constitutional injury.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 165.24 (5th ed. 2000) (modified).

## **SECTION 1983 – CUSTOM, POLICY, ORDINANCE, REGULATION OR DECISION**

The Plaintiff claims that Defendant Coffee County, Tennessee, a municipality, is liable to the Plaintiff for the denial of constitutional rights the Plaintiff alleges. Defendant Coffee County, Tennessee may be liable where you find that the Plaintiff has been deprived of his constitutional rights and such deprivation was done pursuant to a governmental custom, policy, ordinance, regulation or decision.

When a person is injured as the direct or proximate result of a government's policy, custom, ordinance, regulation or decision, whether made by its lawmakers or by those officials whose statements or acts may fairly be said to represent official policy, Defendant Coffee County, Tennessee itself is responsible for the injury that it caused.

Defendant Coffee County, Tennessee may be liable to the Plaintiff if you find that the deprivation was done pursuant to a custom, policy, ordinance, regulation, or decision of Defendant Coffee County, Tennessee that was the direct or proximate cause of the deprivation of the Plaintiff's constitutional rights. Whether a custom or policy exists is a question of fact for you to determine.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 165.25 (5th ed. 2000) (modified).

## **SECTION 1983 – FAILURE TO TRAIN**

The Plaintiff claims to have been injured as a result of Defendant Coffee County, Tennessee's failure to properly train its officers and that this alleged failure can be considered to be the official policy of Defendant Coffee County, Tennessee. Your verdict will be for the Plaintiff and against Defendant Coffee County, Tennessee only if you first find in favor of the Plaintiff and against Defendants Jonathan Yott and Sheriff Steve Graves:

> First: That Defendant Coffee County, Tennessee's training program was inadequate to train its officers and employees to carry out their duties, and

> Second: The need for more training or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policy makers of Defendant Coffee County, Tennessee can reasonably be said to have been deliberately indifferent to the need for such training; and

> Third: The failure of Defendant Coffee County, Tennessee to provide proper training was a cause of injury to the Plaintiff.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 165.26 (5th ed. 2000) (modified).

# **SECTION 1983 – PUNITIVE DAMAGES**

In addition to the damages mentioned in the other instructions, the law permits you to award an injured person punitive damages under certain circumstances in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct.

If you find in favor of the Plaintiff and against Defendants Jonathan Yott and Sheriff Steve Graves, then in addition to any other damages to which you find the Plaintiff is entitled, you may, but are not required to, award the Plaintiff an additional amount as punitive damages if you find it is appropriate to punish Defendants Jonathan Yott and Sheriff Steve Graves or deter Defendants Jonathan Yott and Sheriff Steve Graves and others from like conduct in the future. Whether to award the Plaintiff punitive damages and the amount of those damages are within your sound discretion.

You may assess punitive damages against either or both Defendants Jonathan Yott and Sheriff Steve Graves or you may refuse to impose punitive damages. If punitive damages are assessed against more than one Defendant, the amounts assessed against such Defendants may be the same or they may be different.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 166.62 (5th ed. 2000) (modified).