UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
WINCHESTER DIVISION

| | |
|---|---|
| GREGORY J. MORGAN ) | |
| ) | |
|  Plaintiff, ) | |
| ) | |
| v. ) | Case No: 4:06-CV-15 |
| ) | JUDGE MATTICE/CARTER |
| COFFEE COUNTY, TENNESSEE; ) | |
| STEVE GRAVES, individually and in his official ) | |
| capacity; PAUL BLACKWELL, individually and ) | |
| in his official capacity; and, JONATHON YOTT ) | JURY DEMAND |
| individually and in his official capacity. ) | |
| ) | |
|  Defendants. ) | |

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

Comes now the Plaintiff Gregory J. Morgan, and hereby submits the following Proposed Jury Instructions.

### 42 U.S.C. § 1983[1]

This Federal Civil Rights Act was enacted by Congress to enforce the Fourteenth Amendment to the United States Constitution. The Fourteenth Amendment provides in part that: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States . . . and . . . the Congress shall have power to enforce by appropriate legislation the provisions of the article."

---

[1] 42 U.S.C. § 1983; *See* Fed. – JI § 165.20; *Thomas v. Cohen*, 304 F.3d 563, 568 (6th Cir. 2002); *Scott v. Clay County, Tenn.*, 205 F.3d 867, 871 (6th Cir. 2000); *Nishiyama v. Dickson County, Tenn.*, No. 83-5683, 1985 WL 13787, at *2 (6th Cir. Oct. 30, 1985).

42 U.S.C. § 1983, under which the Plaintiff brings this suit, provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action in law, suit in equity, or other proper proceeding for redress."

Thus, Section 1983 provides that a person may seek relief in this court for damages against any person or persons who, under color of any state law or custom, subjects such person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.

In order to prove his claim, the burden is upon the Plaintiff to establish by a preponderance of the evidence each of the following elements: (1) that the Defendants intentionally committed acts which operated to deprive the Plaintiff of a right secured by the Constitution of the United States; (2) that the Defendants acted under color of state law; and (3) that the Defendants' acts were the proximate or legal cause of the Plaintiff's injury or damage.

## **DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL CONDITION[2]**

Inmates are protected from cruel and unusual punishment under the Eighth Amendment of the United States Constitution, applicable to the States through the Fourteenth Amendment. Under the Eighth Amendment to the United States Constitution, prison and jail officials have a duty to provide humane conditions of confinement. They must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of inmates. "Where the circumstances are clearly sufficient to indicate the need for medical attention for injury or illness, the denial of such aid constitutes the deprivation of constitutional due process." To show a violation of the right to adequate medical treatment, plaintiff must demonstrate "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs". The United States Supreme Court has explained that the *Estelle* standard has both an objective component-whether the deprivation was sufficiently serious, and a subjective component—whether the official acted with a sufficiently culpable state of mind. A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person could easily recognize the necessity for a doctor's attention."

---

[2] *Farmer v. Brennan*, 511 U.S. 825, 114 S. Ct. 1970, 128 L. Ed.2d 811 (1994); *Fitzke v. Shappell*, 468 F.2d 1076 (6th Cir. 1972); *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285, 50 L. ED.2d 251 (1976); *Blackmore v. Kalamazoo County*, 390 F.3d 890, 897 (6th Cir. 2004).

# **COMPENSATORY DAMAGES**[3]

If you decide a party is entitled to damages, you must fix an amount that will reasonably compensate that party for each of the following elements of claimed loss or harm, if you find it was, or will be, suffered by that party and was caused by the acts or omission upon which you base your finding of fault.

Each of these elements of damage is separate. You may not duplicate damages for any element by also including that same loss or harm in another element of damages.

Plaintiff shall be awarded the following elements of damage experienced in the past:

Physical pain and suffering.

Mental or emotional pain and suffering, including anguish, fear, humiliation, grief, shame, or worry.

Disfigurement.


There is no mathematical formula for computing reasonable compensation for pain and suffering, nor is the opinion of any witness required as to the amount of compensation. In making an award of such damages, you must use your best judgment and establish an amount of damages that is fair and reasonable in light of the evidence before you.

---

[3] T.P.I. 3-Civil 14.01, 14.10

# AGGRAVATION OF PREEXISTING CONDITION[4]

A person who has a condition or disability at the time of an injury is entitled to recover damages only for any aggravation of the pre-existing condition. Recovery is allowed even if the pre-existing condition made Plaintiff more likely to be injured and even if a normal, healthy person would not have suffered substantial injury.

A Plaintiff with a pre-existing condition may recover damages only for any additional injury or harm resulting from the fault you may have found in this case. Damages shall include all the additional harm or disability even though it is greater because of the pre-existing condition and even though the pre-existing condition caused no harm or disability before the occurrence.

.

---

[4] T.P.I. 3 – Civil 14.14.

Respectfully Submitted,

Law Office of James Baum

/s/ James L. Baum
James L. Baum (021818)
P.O. Box 338
Burns, TN 37029
(615) 740-6899
Attorney for Plaintiff

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that a true copy of the foregoing was served on Jeffrey M. Beemer, Esquire, Stewart, Estes & Donnell, Financial Center Suite #1401, 424 Church Street, Nashville, TN 37219 by ordinary mail or electronic transmission on this the 3rd day of March, 2008.

/s/ James L. Baum
James L. Baum